

Ian N. Piasecki - Associate
225 Broadway, 39th Floor
New York, NY 10007
P: (212) 595-6200
F: (212) 595-9700
ipiasecki@mizrahikroub.com

November 2, 2023

<u>**VIA ECF**</u>

The Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007



Re:   *Jimenez v. Kixters, Inc.*; <u>Case No. 1:23-cv-06557 (KPF)</u>

Dear Judge Failla:

We represent plaintiff Vanessa Jimenez ("Plaintiff") in the above-referenced class action brought pursuant to, *inter alia*, the Americans with Disabilities Act of 1990 ("ADA") and parallel New York City Law. In accordance with this Court's Individual Rules of Practice, we respectfully write in response to defendant Kixters, Inc.'s ("Defendant") pre-motion letter in anticipation of a motion to dismiss. *See* Docket No. 13. Plaintiff disputes the legal issues raised by Defendant in its premotion letter, which are already settled issues that have been raised before this Court and others in the S.D.N.Y., such as: *Sanchez v. Welcome Skateboards Inc.*, 21 Civ. 2598 (KPF) (S.D.N.Y. Jan. 27, 2022), *Guerrero v. Ogawa USA Inc.*, 2023 U.S. Dist. LEXIS 109579 (June 26, 2023), *Davis v. Wild Friends Foods*, 2023 U.S. Dist. LEXIS 115542 (July 5, 2023), *Donet v. Isamax Snacks, Inc.,* 2023 U.S. Dist. 141913 (Aug. 14, 2023), *et al*. This case is very similar to those cases.

That said, Plaintiff respectfully requests 21 days to submit an amended complaint to address any pleading deficiencies (and render further motion practice unnecessary).

**Plaintiff Has Standing**

The Complaint properly pleads an injury in fact and the amended complaint shall as well. Inability to determine information about a defendant's products, inability to purchase items, and the consequent deterrence from visiting the website constitutes an injury in fact under the ADA directly resulting from a defendant's actions. *See Sanchez v. NutCo., Inc.*, 20-CV-10107 (JPO). 2022 U.S. Dist. LEXIS 51247, at *5-*6 (S.D.N.Y. Mar. 22, 2022); *see also Welcome Skateboards Inc.*, 21 Civ. 2598 (KPF), Docket No. 35 at 10:10-12 ("Plaintiff's inability to access and general deterrence to use the defendant's website sufficed to allege an ADA injury.") (a copy of the transcript is enclosed with this letter as Enclosure A). The Complaint adequately pleads this, and the amended complaint shall too. ¶¶6, 28, 29, 30, 31, 33, 34. Likewise, courts in the S.D.N.Y. have also held that a well-pled claim for injury under the ADA requires that plaintiff attempted to

The Honorable Katherine Polk Failla
November 2, 2023
Page 2

access defendant's website and was denied access due to specific technical barriers on each visit to the website. *See Nutco*, 2022 U.S. Dist. LEXIS 51247, at *5 ("Sanchez has satisfied the standing requirements. Sanchez claims he suffered an injury-being unable to purchase [products], take advantage of discounts…and understand different product details-because of barriers on the website."). The Complaint sufficiently pleads this, and the amended complaint shall as well. ¶¶6, 28, 29, 30, 31, 33, and 34.

*Welcome Skateboards* is instructive on this point. *See Welcome Skateboards*, Docket No. 35 at 11:8-18. There, this Court found plaintiff had sufficiently plead an injury for standing, by pleading three things: (i) he had visited the website at least twice; (ii) the goods he had attempted to purchase; and (iii) the existence of specific barriers that deterred plaintiff from completing a purchase as a sighted person would. *Id.* The Court then held, "[t]hese barriers, and the consequent deterrence of Plaintiff from visiting the website, suffice under this Court's analysis…to constitute injury." *Id.* This is what is required to adequately plead injury. By contrast, Plaintiff's litigation history is not relevant to this analysis. "There is nothing inherently wrong with filing duplicative lawsuits against multiple defendants if the harms to be remedied do exist and are indeed identical." *E.g., Dominguez v. Grand Lux Café LLC*, No. 19-cv-10345 (MKV), 2020 U.S. Dist. LEXIS 109679, at *11 (S.D.N.Y. June 22, 2020); *De La Rosa v. Lewis Foods of 42nd St.*, 124 F.Supp.3d 290, 293 n.5 (S.D.N.Y. 2015) ("[T]his fact does not affect the Court's analysis… It is by no means difficult to imagine that a wheelchair-bound New York City resident encounters illegal barriers to access at many places of public accommodation on a regular basis or that such a person would continue to use the attorney with whom she has a relationship when trying to make New York more accessible for all."); *Davis v. Wild Friends Foods, Inc.*, 2023 U.S. Dist. LEXIS 115542, at *11 (S.D.N.Y. July 5, 2023) ("The fact that Plaintiff has filed nearly fifty complaints may just as well reflect the rampant nature of discrimination that persons with visual impairments face when using the internet. It is also not surprising, in light of the ubiquitous role that the internet plays in people's lives, that Plaintiff may have intended to visit and to use over fifty websites. This fact alone therefore does not make Plaintiff's allegations of standing any more or less plausible")

Additionally, as to Defendant's claim of being in possession of documentary evidence "establishing that [the item in question in this lawsuit] was not even viewed – let alone attempted to be purchased – by anyone on the date in question," Plaintiff intends on presenting documentary evidence refuting Defendant's contention.

**Plaintiff Was Not Required To Make a Reasonable Accommodation Request**

Contrary to Defendant's argument in its Pre-Motion Conference Letter, Plaintiff is not asserting a reasonable accommodation claim in this case. "A plaintiff alleging disability discrimination can base her claim on any of three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Brooklyn Ctr. for Psychotherapy, Inc. v. Philadelphia Indem. Ins. Co.*, 955 F.3d 305, 311 (2d Cir. 2020). As stated by Magistrate Judge Aaron in his Report and Recommendation in *Donet v. Isamax Snacks, Inc.* matter, "[p]laintiff need not allege notice or have requested an accommodation. *Donet v. Isamax Snacks, Inc.*, *report and recommendation adopted*, 2023 U.S.

The Honorable Katherine Polk Failla
November 2, 2023
Page 3

Dist. LEXIS 141913, n. 4 (S.D.N.Y. Aug. 14, 2023); *see also Davis v. Wild Friends Foods, Inc.*, No. 22-CV-04244 (LJL), 2023 WL 4364465m at *10 (S.D.N.Y. July 5, 2023 (distinguishing, among other cases, a case cited by Defendant noting '[t]hose cases did not hold that defendant must be given notice of a plaintiff's disability for purposes of a disparate impact or intentional discrimination claim'); *Guerrero v. Ogawa USA Inc.*, No. 22-CV-02583 (LGS), 2023 WL 4187561, at *6 (S.D.N.Y. June 26, 2023)("Plaintiff does not need to have requested an accommodation before filing this suit because the FAC states a claim on the first two theories of liability, disparate treatment and disparate impact."). The Complaint sufficiently pleads both the disparate impact and intentional discrimination theories of liability. ¶¶28, 34-38, 55.

**Plaintiff Is Not Required To Seek Leave To Amend the Complaint**

Contrary to Defendant's argument requesting that this Court deny Plaintiff leave to amend the Complaint, Plaintiff, respectfully, is actually not required to seek leave to amend the Complaint pursuant to Fed. R. Civ. P. 15.

Rule 15 states:

"**(1)** *Amending as a Matter of Course*. *A party may amend its pleading once as a matter of course within:*

  (A) 21 days after serving it, *or*

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or *21 days after service of a motion under Rule 12(b)*, (e), or (f), whichever is earlier.

Defendant has not filed an Answer to the Complaint. Therefore, if Defendant proceeds with filing a Motion to Dismiss, Plaintiff is entitled *as of right* to file an amended complaint. As stated *supra,* Plaintiff respectfully requests 21 days to submit an amended complaint that will, hopefully, render further motion practice unnecessary.

**Conclusion**

For these reasons, Plaintiff respectfully requests that Defendant's request for a premotion conference be denied, and that Plaintiff be granted 21 days to file an amended complaint.

> Respectfully submitted,
> /s/ *Ian N. Piasecki*
> Ian N. Piasecki, Esq.

Cc: All Counsel of Record (via ECF)

The Court understands that, in light of Defendant's pre-motion letter, the Plaintiff wishes to amend its complaint. (Dkt. #13). Plaintiff's application is hereby GRANTED. Plaintiff's amended complaint shall be due on or before **November 27, 2023**.

The parties are hereby instructed to file a joint letter to the Court on or before **December 14, 2023,** as to whether the Defendant still intends to move to dismiss the action.

The Clerk of the Court is directed to terminate the pending motion at docket number 13.

Dated:   November 3, 2023        SO ORDERED.
         New York, New York

                                 HON. KATHERINE POLK FAILLA
                                 UNITED STATES DISTRICT JUDGE